FILED
2006 May-25 AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BEN VETRANO,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | |
| } | |
| **ZURICH AMERICAN LIFE** } | Case No.: 2:06-CV-0735-RDP |
| **INSURANCE COMPANY, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand (Doc. #2) filed on April 19, 2006. For the reasons outlined below, the motion is due to be granted.

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

In this insurance dispute, Plaintiff maintains that his life insurance policy was wrongfully cancelled and/or lapsed for the nonpayment of premiums even though premiums had been drafted from Plaintiff's bank account for a period of over fourteen (14) years. (*See generally* Doc. #1 at Compl.). Plaintiff also complains that contrary to the representations made to him when he bought the policy, he was not given notice that the policy was soon to lapse, he was not given the opportunity to reinstate his policy, and he was persuaded instead to procure a new policy. *Id.*

On April 14, 2006, Defendants Lucia Insurance Company ("Lucia Agency"), Vincent Lucia ("Lucia"), and Chase Insurance Life Company ("Chase"),[1] removed this lawsuit from the Circuit Court of Jefferson County to this court. (Doc. #1). Defendants' removal petition is premised upon

---

[1] The record reflects that Chase was formerly known as Zurich American Life Insurance Company, which makes the treatment of both entities as one party appropriate.

diversity jurisdiction and maintains that Plaintiff has fraudulently joined the in-state insurance agency, Lucia Agency, and the individual insurance agent, Lucia, and, therefore, this court should disregard their Alabama citizenship in assessing whether there is removal jurisdiction. (Doc. #1 ¶ 8). Plaintiff's motion to remand argues there is not complete diversity between the parties because Lucia Agency and Lucia are properly joined defendants.

Defendants filed an opposition to Plaintiff's Motion to Remand (Docs. #8, #9) on April 27, 2006. Defendants' opposition included copies of (i) Plaintiff's state law complaint and discovery requests; (ii) the subject policy; (iii) a Policy Receipt form executed by Plaintiff; and (iv) Lucia's affidavit. On April 28, 2006, Plaintiff filed his Response in Support of Motion to Remand, which included his affidavit and attached several pieces of correspondence and other documents. (Doc. #10). Defendants, on May 3, 2006, requested that the court either strike Plaintiff's filing or allow them the opportunity to file an additional reply to it. (Doc. #12). The court granted the latter alternative relief and allowed the additional reply on May 4, 2006, which was also the date on which the motion became ripe for a decision.[2]

## II.    ANALYSIS

### A.    Standard Applicable to Fraudulent Joinder Cases

The court has studied the parties' arguments on the issue of fraudulent joinder, including the evidence and cases offered in support of their respective positions. The Eleventh Circuit extensively addressed the issue of removal based on diversity jurisdiction when it is alleged that a non-diverse

---

[2]Allowing Defendants to file an additional reply extended the date of submission date originally set in the court's briefing schedule entered on April 20, 2006. (Doc. #6).

defendant has been fraudulently joined in *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981).

*Crowe*, 113 F.3d at 1538.[3] The standard is onerous because, absent fraudulent joinder, the plaintiff has the absolute right to choose her forum. That is, courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle.

> This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." *Parks v. The New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," *see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.*, 507 F. Supp. 740, 744 (S.D. Ga. 1981) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedures* § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated.

*Id.* at 1538.

To establish fraudulent joinder of a resident defendant, the burden of proof on the removing party is a "heavy one," requiring clear and convincing evidence. Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim but must look to whether there is a *possibility* that a claim exists. The *Crowe* court reiterated:

---

[3] Under the second prong of the fraudulent joinder test, the court must determine whether Plaintiff has fraudulently pled facts relating to a party's citizenship in an effort to avoid diversity jurisdiction. No issue related to the second prong exists in this case. Accordingly, the court limits its analysis to the first inquiry.

3

> While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under FED. R. CIV. P. 56(b),' [*B. Inc., v. Miller Brewing Co.*, 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' *Id*. at 550.  Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' *Id*. at 548-49.  **When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.**  *See id.*  'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'  *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

*Id*. at 1538 (emphasis added).

More recently, in *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001), the Eleventh Circuit emphasized the limits of the fraudulent joinder analysis, stating:

> For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought.  28 U.S.C. § 1441(b).  Even if a named defendant is such a citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant.  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superceded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989).  "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate."  *Triggs*, 154 F.3d at 1287 (emphasis in original).

*Id.* at 1305; *see also Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.").

4

"A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks*, 308 F.2d at 478 (citations omitted). "The burden of the removing party is a 'heavy one.'" *Crowe*, 113 F.3d at 1538 (citation omitted). Regarding the application of the fraudulent joinder standard, the Eleventh Circuit has explained:

> In terms of this circuit's law, the main point for us is this one: For a plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be 'a reasonable basis for predicting that the state law *might* impose liability on the facts involved.'

*Crowe*, 113 F.3d at 1541-42 (citation omitted) (emphasis added in *Crowe* opinion). In a later fraudulent joinder decision, the Eleventh Circuit elaborated:

> The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' *Crowe*, 113 F.3d at 1538.

*Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998).

### B.   Application of the Fraudulent Joinder Standard to this Case

Plaintiff's claims specifically pled against Defendants Lucia Agency and Lucia are: (i) negligence in the cancellation or lapse of his policy without notice; (ii) wantonness in the cancellation or lapse of his policy without notice; and (iii) twisting and tortuous and/or fraudulent misconduct in "selling or inducing the sale of another policy to Plaintiff" and "perpetuating the consequences of the negligence and/or wantonness" rather than "correct[ing] their improper

cancellation or lapse[.]"[4]  (Doc. #1 at Compl. ¶¶ 8-10).  In another section of the complaint, Plaintiff also alleges that when the policy was sold to him, it was represented "that he would receive notice through and by all Defendants of any problems with premiums that could jeopardize this policy." (Doc. #1 at Compl. ¶ 5).

In *Morris*, the Supreme Court of Alabama explained the *prima facie* elements of a claim for negligence:

> "'To recover in a negligence action, the plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury to the plaintiff as a result of that breach.'" *Kelly v. M. Trigg Enterprises, Inc.*, 605 So.2d 1185, 1190 (Ala.1992) (quoting *Hall v. Thomas*, 564 So.2d 936, 937 (Ala.1990)). "Whether there is a duty is the threshold inquiry in a negligence case. 'It is settled that for one to maintain a negligence action the defendant must have been subject to a legal duty.' *Morton v. Prescott*, 564 So.2d 913, 915 (Ala.1990). 'The trial court must determine whether a duty existed and, if so, the extent of that duty.' *Perkins v. Dean*, 570 So.2d 1217, 1220 (Ala.1990) . . . .  'The ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised.' *Buchanan v. Merger Enterprises, Inc.*, 463 So.2d 121, 126 (Ala.1984.)" *Ledbetter v. United American Ins. Co.*, 624 So.2d 1371, 1373 (Ala.1993).

686 So.2d at 1141-42.  In an earlier case discussing negligence arising from a voluntary act, the Supreme Court of Alabama explained:

> The question is, as we see it, whether or not the complaint states a cause of action under the common law arising from the negligent performance of a voluntary undertaking.  This theory originated with the case of *Coggs v. Bernard*, 2 Lord Raymond 909.  Since then it has come to be recognized that liability can arise from the negligent performance of a voluntary undertaking.  This state, at least as early as 1911, recognized that "when a person undertakes an employment, which requires care and skill, whether for reward or not, a failure to exert the measure of care and skill appropriate to the measure of such employment is negligence for which an action will lie." *Parker & Bro. v. Hodgson*, 172 Ala. 632, 635, 55 So. 818, 819.

---

[4]Even if only one of Plaintiff's claims survives the test regarding fraudulent joinder, the court lacks diversity jurisdiction, and the case is due to be remanded.

*Beasley v. MacDonald Engineering Co.*, 249 So.2d 844, 846 (Ala. 1970). Similarly, in a concurring opinion involving negligence in a voluntary undertaking, Justice Jones wrote:

> It is in the voluntary undertaking where the parameters of the duty must be established through close scrutiny of the circumstances. This issue will generally be a question of fact. The rule is well established that common law liability to third parties can arise from the negligent performance of even a voluntary undertaking.

*Fireman's Fund American Ins. Co. v. Coleman*, 394 So. 2d 334, 349 (Ala. 1980) (citations omitted).

In support of their fraudulent joinder argument on Plaintiff's negligence claim, Defendants have challenged Plaintiff's ability to state such a claim against them for two reasons: they contend (i) Plaintiff cannot show that Lucia Agency or Lucia had a duty to provide him with prior notice of a potential lapse of the policy; and (ii) regardless of the *prima facie* element of duty, Plaintiff caused his own damages because he elected not to reinstate the policy, despite Lucia's informing him that there was still time for that to occur. (Doc. #8 at 13-14).

In determining fraudulent joinder, the Eleventh Circuit expressly forbids this court from delving into the weight of the merits of a claim; rather, the court must restrict its analysis to determining whether "there is **even a possibility** that a state court would find that the" plaintiff has stated a claim against the resident defendant. *Crowe*, 113 F.3d at 1538 (emphasis added). "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b), the jurisdictional inquiry must not subsume substantive determination." *Id.* (internal quotations and citations omitted). Similarly, "[t]o determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* Thus, in addressing Plaintiff's motion, this court must

7

remain mindful of the Eleventh Circuit's admonishments concerning the proper depth in which a district court should venture in deciding the fraudulent joinder question. *Id.*

To conclude that fraudulent joinder exists in this case would be an impermissible overreach into the substance of Plaintiff's negligence claim. On the issue of duty, Plaintiff has alleged that Lucia Agency and Lucia represented to him that they would provide notice of any problems with premiums under the policy, and has stated that he received no prior notice. Defendants refute these allegations factually through the affidavit of Lucia. They also fault Plaintiff's affidavit for not expressly stating that Lucia Agency and Lucia agreed to monitor his policy and provide him with notice of any problems. However, these points really amount to an attack on whether Plaintiff has presented substantial evidence in support of his negligence claim; the arguments do not convincingly show that Plaintiff does not have an arguable claim under state law.

As for Defendants' second point—that Plaintiff caused his own damages through his voluntary decision to purchase a new policy—Plaintiff's complaint alleges that Lucia Agency and Lucia "informed [him] that the above reference policy could not be re-instated and then sold Plaintiff a new policy[.]" (Doc. #1 at Compl. ¶ 3). Also, in a letter to Lucia dated February 15, 2006, Plaintiff indicates that "per my discussions with you it seems that my policy cannot be restored and in fact has lost its total cash value."[5] (Doc. #10 at Pl's. Aff. at letter dated Feb. 15, 2006). Furthermore, later in this same letter, Plaintiff complains:

> Due to the unwarranted cancellation of my policy, my cash value has evaporated. I have lost over $40,000 in premiums, and an irreplaceable policy at my age at the existing premium and coverage.

---

[5]An entry on Plaintiff's log for February 9, 2006, also documents the cancellation of the policy and the loss of all cash value. (Doc. #10 at Pl's. Aff. at Daily Log at 1).

*Id.* Therefore, similar to the duty issue, the conflict in the record over causation as to damages does not support a conclusion that there is no "possibility that a state court would find that the complaint states a cause of action" against Lucia Agency or Lucia for negligence as it relates to policy reinstatement.

Given that the Alabama Supreme Court has recognized a common law claim for negligence in the context of a voluntary act, the court cannot say that Defendants have carried their weighty burden of showing by clear and convincing evidence that Plaintiff has no possibility of prevailing on the theory of negligence as stated against them.  Therefore, considering the record and the status of the law before it and drawing all reasonable inferences in favor of Plaintiff, the court determines that Plaintiff has not fraudulently joined Lucia Agency and Lucia in this action and that, as a result, the entire case is due to be remanded to the Circuit Court of Jefferson County.

### III.   CONCLUSION[6]

For the reasons stated above, the court finds Defendants have not met their heavy burden of demonstrating by clear and convincing evidence that the non-diverse defendants were fraudulently joined in this action.  Accordingly, this court lacks subject matter jurisdiction based upon diversity, and Plaintiff's Motion to Remand is due to be granted.  The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ___25th___ day of May, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[6]The nature of the court's decision on remand means that it need not decide the other arguments advanced by Defendants in support of their removal of this action.